dollars costs. Motion for stay denied. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

In the Matter of the Petition of HENRY G. SCHAEFER, Individually and as Chairman of the Board of Trustees of the Nassau Police Conference, Inc., and the NASSAU POLICE CONFERENCE, INC., Appellants, for an Order to Compel GEORGE R. HITCHCOCK, as Secretary of the New York State Civil Service Commission, to Remove from the Service Record Cards of Certain Police Officers Named in the Petition Herein any Endorsement or Language Showing a Transfer to the Nassau County Police Department and to Restore Them to the Active Roster of the State Civil Service Commission and to Restrain ABRAM W. SKIDMORE, as Commissioner of Police of the County of Nassau, from Employing the Said Men as Police Officers at any Rank Other than Those Certified by the State Civil Service Commission, or in the Alternative, to Compel the Said Commissioner of Police to Employ the Said Men as Police Officers at the Respective Ranks Certified by the State Civil Service Commission, Respondents.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Hill, P. J., Bliss, Heffernan and Foster, JJ., concur; Schenck, J., taking no part.

### (March 15, 1940.)

LILLIAN KASITCH, Respondent, v. CITY OF ALBANY, Appellant. HELEN P. CZYZEWSKI, Respondent, v. CITY OF ALBANY, Appellant.— Motion for leave to appeal to the Court of Appeals granted. [See ante, p. 17.] Motion to certify question granted and the following question is certified: Was the plaintiff entitled to take depositions of the named witnesses in this case, the defendant being a municipal corporation? Bliss, Schenck and Foster, JJ., concur; Hill, P. J., and Heffernan, J., dissent.

In the Matter of the Claim of JOHN ROSKY, Respondent, against CADILLAC MOTOR CAR Co. and ROYAL INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant has an award for permanent total disability arising from blindness in both eyes. The evidence sustains the finding that the blindness resulted from monoxide poisoning contracted while testing a large number of automobile motors each day in an illy ventilated room. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of OTTO SCHEIBNER, Respondent, against BLUE POINT OIL CORP. and THE OCEAN ACCIDENT & GUARANTEE CORP., LTD., Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the employer and insurance carrier from an award of the State Industrial Board whereunder the claimant was awarded compensation for one hundred per cent permanent loss of use of an arm. The claimant testified that he had attempted to use an artificial arm but it was useless because the stump was too short. The medical evidence is to the effect that there is between eighty-five per cent and ninety per cent loss of use of the arm. The lay evidence contradicts the medical evidence, and sustains the award of one hundred per cent loss of use of the arm. Award affirmed, with costs to the State Industrial Board. Crapser, Bliss, Heffernan and Foster, JJ., concur; Hill, P. J., I concur. The only medical testimony given at the hearings shows between eighty-five per cent and ninety per cent loss of use of the arm. State-